IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



FILED

FEB 0 1 2019

Clerk, U.S. District Court
Texas Eastern

| | |
|---|---|
| BILLY J. WILLIAMS | § |
| | § |
| Plaintiff | § |
| | § |
| v. | § |
| | § |
| MATTHEW WHITAKER | § |
| and THE UNITED STATES | § |
| DEPARTMENT OF JUSTICE | § |
| | § |
| Defendants | § |

## PETITION TO REVIEW 42 U.S.C. § 12201(b)

The United States Department of Justice (Department of Justice) interprets 42 U.S.C. § 12201(b) as excepting smoking policies and smoking bans from the fundamental alteration requirement applicable to Title II and Title III of the Americans with Disabilities Act (ADA) under 42 U.S.C. § 12134(a) and 42 U.S.C. §12182(b)(2)(A)(ii). And the Department of Justice provides Technical Assistance based on its interpretation of 42 U.S.C. § 12201(b).

### Jurisdiction

Billy J. Williams (Plaintiff) claims jurisdiction of the Court under the Administrative Procedures Act, 5 U.S.C. § 702, and he alleges that the interpretation of 42 U.S.C. § 12201(b) by the defendants excepts smoking policies and smoking bans from the fundamental alteration requirements of 42 U.S.C. § 12134(a) and 42 U.S.C. §12182(b)(2)(A)(ii) in violation of 42 U.S.C. § 706(1).

## Standing

Plaintiff is a qualified individual with a breathing disability that is exacerbated by exposure to secondhand tobacco smoke and he is subjected to discrimination by public entities and public accommodations based on the Department of Justice's interpretation that smoking policies and smoking bans are excluded from the fundamental alteration requirements of 42 U.S.C. § 12134(a) and 42 U.S.C. §12182(b)(2)(A)(ii).

## Introduction

42 U.S.C. §12134(a)
Title II

42 U.S.C. §12134. Regulations

> (a) Not later than 1 year after July 26, 1990, the Attorney General shall promulgate regulations in an accessible format that implement this part.

28 C.F.R. § 35.130(b)(7)

A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.

42 U.S.C. § 12182(b)(2)(A)(ii).
Title III

For purposes of subsection (a) of this section, discrimination includes:

> A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.
>
> 42 U.S.C. § 12201(b)

The Department of Justice interprets 42 U.S.C. § 12201(b), stating, "with respect to disabled persons affected by smoking, the ADA provides":

> Nothing in this chapter shall be construed to preclude the prohibition of, or the imposition of restrictions on, smoking in places of employment covered by subchapter I of this chapter, in transportation covered by subchapter II or III of this chapter, or in places of public accommodation covered by subchapter III of this chapter. 42 U.S.C. § 12201(b).
>
> This language makes clear that while covered entities are permitted to prohibit smoking in their facilities, they are not required to do so. Instead, it may be a reasonable modification to merely place certain restrictions on smoking. A reasonable modification of policy on behalf of an individual with a disability such as asthma or other condition that affects his or her respiratory functioning <u>may include</u> restrictions on smoking in a covered facility. But, a ban on smoking <u>is not</u> the only possible modification, and each covered facility is entitled to explore the available alternatives to identify a modification that is reasonable. The ADA requires evaluation of requests for modifications on a case-by-case basis. It does not, however, authorize the Federal government to ban or prohibit smoking—across the board—in all facilities covered by the ADA. (emphasis in original).

**Statements of Facts**

In <u>Staron v. McDonald's</u>, 51 F.3d 353, 357 (1995), the U.S. Court of Appeals for the Second Circuit reviewed 42 U.S.C. § 12201(b), and the Court specifically held that the Department of Justice regulations state that § 501(b) merely clarifies that the Act does not require public accommodations to accommodate smokers by permitting them to smoke.

As held by the Court:

> As to the second sentence of § 501(b), the Department of Justice regulations state that it "merely clarifies that the Act does not require public accommodations to accommodate smokers by permitting them to smoke. 28 C.F.R. Pt. 36, App. B, 56 Fed.Reg. 35544, 35562. Nothing in the second sentence precludes public accommodations from accommodating those with smoke-sensitive disabilities. In fact, this language expressly permits a total ban on smoking if a court finds it appropriate under the ADA. We therefore reject any arguments by defendants to the contrary.

And, the <u>Staron Court</u> reversed the district court's Rule 12(b)(6) dismissal of Title III suit based on district court's determination that plaintiff's requested accommodation, a smoking ban, was not reasonable as a matter of law and remanding to give plaintiffs the opportunity to prove that the requested accommodation was reasonable. See <u>Johnson v. Gambrinus Co./Spoetzl Brewery</u>, 116 F.3d 3d 1052, 1059 (5th Cir. 1997).

Also, the U.S. Supreme Court interpreted 42 U.S.C. § 12182(b)(2)(A)(ii) in <u>PGA Tour, Inc. v. Martin</u>, 532 U.S. 661, 688 (2001), and the Court held that:

> As previously stated, the ADA was enacted to eliminate discrimination against "individuals" with disabilities, 42 U.S.C. § 12101(b), and to that end Title III of the Act requires without exception that any "policies, practices, or procedures" of a public accommodation be reasonably modified for disabled "individuals" as necessary to afford access unless doing so would fundamentally alter what is offered, § 12182(b)(2)(A)(ii). *To comply with this command*

> *an individualized inquiry must be made to determine whether a **specific modification** for a particular person's disability would be reasonable under the circumstances as well as necessary for that person, and yet at the same time not work a fundamental alteration.* (emphasis added).

Also, in Martin v. PGA Tour, Inc., Case No. 98-35309 (D.Or. 1998), the Department of Justice submitted an *amicus curiae* brief[1] to the U.S. Court of Appeals for the Ninth Circuit, which stated:

> Thus, under Title III, the PGA must make the requested modification unless it meets its burden of establishing that the requested modification would fundamentally alter the nature of its program. See, e.g., Johnson v. Gambrinus Co./Spoetzl Brewery, 116 F.3d 1052, 1059-1060 (5th Cir. 1997) (defendant has burden of showing that the requested modification would result in fundamental alteration)
>
> In making this determination, the court must make an individualized assessment focusing specifically on Martin's disability and the PGA tournaments in which Martin seeks to compete. In Johnson, for example, the court emphasized that defendant's evidence that the requested modification would fundamentally alter the nature of the public accommodation must focus on "specifics of the plaintiff's * * * circumstances and not on the general nature of the accommodation." 116 F.3d at 1060. (emphasis added).

Congress did not expressly assign the question of whether smoking policies or smoking bans were excepted from the fundamental alteration requirements of 42 U.S.C. § 12134(a) and 42 U.S.C. §12182(b)(2)(A)(ii) to the Department of Justice, and, had Congress wished to assign that question to the Department of Justice it would have done so expressly. Brown & Williamson Tobacco Corp., 529 US 120, 160 (2000) (We are confident that Congress could not have intended to

---

[1] http:/www.justice.gov/crt/about/app/briefs/martinp.pdf.

delegate a question of such economic and political significance to an agency in so cryptic a fashion). Also, the Department of Justice interpretation of 42 U.S.C. § 12201(b) is in isolation without regard to the fundamental cannon of statutory construction that the words of a statute must be read in their context and to their place in the overall statutory scheme. <u>Utility Air Regulatory Group v. EPA</u>, 573 US ___, (2014) (slip op., at 19). Furthermore, the Department of Justice cannot interpret 42 U.S.C. § 12201(b) to negate the Americans with Disabilities Act's stated purpose which is to eliminate discrimination against individuals with disabilities. <u>New York State Department of Social Services v. Dublino</u>, 413 US 405, 419-420 (1973). Moreover, the US Supreme Court has held that Congress does not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions. <u>Whitman v. American Trucking Assn., Inc.</u>, 532 US 457, 468 (2001) (42 U.S.C. § 12201(b) is in Subchapter IV of the Act – Miscellaneous Provisions).

In <u>United States v. Larionoff</u>, 431 US 864, 872 (1977), the US Supreme Court held that "In construing administrative regulations, the ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation."

28 C.F.R. § 35.132 is the implementing regulation for smoking in Title II of the Act and 28 C.F.R. § 36.210 is the implementing regulation for Title III of the Act.

28 C.F.R. § 35.132 was interpreted by the Department of Justice in its Title II, 1991 Section-By-Section Analysis, Appendix B, 28 C.F.R. section 35.132, which states:

> Section 35.132 restates the clarification in section 501(b) of the Act that the Act does not preclude the prohibition of, or the imposition of restrictions on, smoking in transportation covered by title II. ***. The reference to smoking in section 501, however, merely clarifies that the Act does not require public entities to accommodate smokers by permitting them to smoke in places of transportation facilities.

28 C.F.R. § 36.210 was interpreted by the Department of Justice in its Title III, 1991 Section-By-Section Analysis, Appendix C, 28 C.F.R. section 36.210, which states:

> Section 36.210 restates the clarification in section 501(b) of the Act that the Act does not preclude the prohibition of, or the imposition of restrictions on, smoking. *** The reference to smoking in section 501, however, merely clarifies that the Act does not require public accommodations to accommodate smokers by permitting them to smoke in places of public accommodations.

The Department of Justice interpretation of its own § 501(b) Title II and III regulations state that the reference to smoking in § 501(b) merely clarifies that the Act does not require public entities and public accommodations to accommodate smokers by permitting them to smoke. Therefore, the Department of Justice interpretation that § 501(b) excepts smoking policies and smoking bans from the fundamental alteration requirements of the ADA is inconsistent with its own interpretation of § 501(b) regulations which have the force of law.

### Relief Demanded

1. Plaintiff demands that the District Court concur with the interpretation of the U.S. Court of Appeals for the Second Circuit in <u>Staron v. McDonald's</u> and hold that § 501(b) of the ADA [42 U.S.C. § 12201(b)] "merely clarifies that the Act does not require public accommodations to accommodate smokers by permitting them to smoke."

2. Plaintiff demands that the District Court concur with the interpretation of the Department of Justice in its implementing regulations which have the force of law, and hold that § 501(b) of the ADA [42 U.S.C. § 12201(b)] merely clarifies that the ADA does not require public entities and public accommodations to accommodate smokers by permitting them to smoke.

3. Plaintiff demands that the District Court order the Department of Justice to promulgate Technical Assistance material for smoking policies and smoking bans

consistent with the burdens of proof established by the U.S. Court of Appeals for the Fifth Circuit in <u>Johnson v. Gambrinus Co./Spoetzl Brewery</u>, 116 F.3d 1052, 1059-1060.

> The plaintiff has the burden of proving that a modification was requested and that the modification is reasonable. The plaintiff meets this burden by introducing evidence that the requested modification is reasonable in the general sense, that is, in the run of cases.
>
> If the plaintiff meets this burden, the defendant must make the requested modification unless the defendant pleads and meets its burden of proving that the requested modification would fundamentally alter the nature of the public accommodation. The type of evidence that satisfies this burden focuses on the specifics of the plaintiff's *** circumstances and not on the general nature of the accommodation.

Respectfully submitted on February 1, 2019

*Billy J. Williams*
Billy J. Williams

1419 Creekview Drive
Lewisville, Texas 75067

972-353-8764

bjwtex@aol.com