# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BILLY J. WILLIAMS § | |
| § | Civil Action No. 4:19-CV-85 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| MATTHEW WHITAKER, ET AL. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On October 28, 2019, the report of the Magistrate Judge (Dkt. #29) was entered containing proposed findings of fact and recommendations that Defendants Matthew Whitaker and the United States Department of Justice's ("Defendants") Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) (Dkt. #16) be granted. Having received the report of the United States Magistrate Judge, having considered Plaintiff's Objections (Dkt. #31), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's Report as the findings and conclusions of the Court.

## RELEVANT BACKGROUND

Plaintiff filed the instant suit on February 1, 2019 against the acting Attorney General and United States Department of Justice (Dkt. #1).[1] Plaintiff's Amended Complaint, filed on February 14, 2019, alleges Defendants have misinterpreted certain provisions of the Americans with Disabilities Act, 42 U.S.C. § 12201(f), subjecting Plaintiff, a person adversely impacted by

---
[1] Matthew Whitaker was the United States Attorney General at the time Plaintiff's Complaint was filed but has since been replaced by Attorney General William Barr.

smoking, to secondhand smoke in public places (Dkt. #4). On July 30, 2019, Defendants sought to dismiss Plaintiff's claims, arguing that such claims were previously litigated before the United States District Court for the Northern District of Texas, and are barred by *res judicata* (Dkt. #16). The Magistrate Judge recommended the Court grant Defendants' Motion, finding each of the elements of *res judicata* to be satisfied: (1) Plaintiff sued the same Defendants (and/or their privies) in both suits; (2) the District Court for the Northern District of Texas, as well as the Fifth Circuit Court of Appeals, were courts of competent jurisdiction; (3) that rendered a final judgment on the merits of Plaintiff's claim(s); and (4) despite Plaintiff's citing to a different statutory section, Plaintiff's claims in the instant action were "or could have been raised in support of the claim asserted in the prior action" (Dkt. #29).

On November 18, 2019, Plaintiff filed Objections to the Report, urging that the Magistrate Judge erred because no evidence exists that fundamental alternation was considered or ruled upon in Plaintiff's previous case, thus contesting the fourth element of *res judicata*. In support of his Objections, Plaintiff further advances that the Magistrate Judge's Report is inconsistent with the Parties' pretrial conference report, inconsistent with the Fifth Circuit's holding in *Anderson v. American Airlines, Inc.*, and states that Defendants did not deny Plaintiff's allegation in the instant suit (Dkt. #31). Plaintiff further explains "fundamental alteration," and advocates Plaintiff's interpretation of the relevant statutory provisions (Dkt. #31).

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, (1980). "Res judicata insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994). Plaintiff does not dispute that the first three elements of *res judicata* have been met; Plaintiff's Objections contest only the fourth element—that the same claim or cause of action must be involved in both cases. As Plaintiff points out in both his Amended Complaint and his Objections, Plaintiff previously brought a claim under 42 U.S.C. § 12201(b) and now brings his claim under 42 U.S.C. § 12201(f) (Dkts. #4 at p. 1; #31 at p. 2). Plaintiff avers he is the master of his own complaint and as such, the Magistrate Judge is precluded from construing "Plaintiff's petition to review 42 U.S.C. § 12201(f), fundamental alteration, as an attempt to relitigate 42 U.S.C. § 12201(b)" (Dkt. #31 at p. 2).

Plaintiff's argument misses the mark. The Fifth Circuit uses the "transactional test" in evaluating the fourth element. Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. The facts making up a transaction are determined pragmatically; however, the critical issue is whether the two actions are based on the same nucleus of operative facts. *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 396 (5th Cir. 2004) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)). While the Fifth Circuit's opinion in *Anderson* does support Plaintiff's argument—that he is the master of his own complaint—Plaintiff is not excused of the requirement that he bring all claims based on the same nucleus of operative facts in the same suit. After comparing Plaintiff's suits, the Court concurs all the elements of res judicata are met. Both of Plaintiff's suits are based on his being subjected to

harmful secondhand smoke as a result of Defendants' interpretation of the Americans with Disabilities Act. Further, both of Plaintiff's claims were, or could have been, raised in his suit before the District Court for the Northern District of Texas. Plaintiff's Objections are overruled.

## CONCLUSION

Having considered Plaintiff's Objection (Dkt. #31), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #29) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss (Dkt. #16) is **GRANTED**. Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

SIGNED this 12th day of December, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE